UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT HUNTER, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 1:13-cv-1374-JMS-DML |
| | ) |
| STEVEN RODGERS, Sheriff of Howard County, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

Plaintiff Hunter has paid the initial partial filing fee assessed on September 18, 2013. Plaintiff Schafer has failed to pay the initial partial filing fee assessed on him. Therefore, any claims asserted on Mr. Schafer's behalf are **dismissed without prejudice** for failure to prosecute. The action shall proceed only with respect to claims brought by plaintiff Hunter. No partial final judgment shall issue at this time. The clerk shall show plaintiff Schafer **terminated** as a party in this action.

**II.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the

pleader is entitled to relief." Such statement must provide the defendant with fair notice of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The comp         in sufficient factual matter, accepted as true, to state a claim to relief that is plau            . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints such as that filed by Hunter are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Plaintiff Hunter is confined at the Howard County Jail ("Jail"). He does not allege whether he is a convicted offender or a pretrial detainee. The complaint alleges violations of "constitutional rights" identified as overcrowding and other "hazardous conditions" at the Jail and violations of the "*Turner v. Beatty*" consent decree. This civil rights action is necessarily brought under 42 U.S.C. § 1983.

As noted in prior rulings in this case, insofar as the plaintiff's claims are based on a consent decree issued in *Turner v. Beatty*, IP90-cv-1955-L/F, the asserted violation of an injunction issued by a federal court does not support a claim for relief under 42 U.S.C. § 1983. *See Kindred v. Duckworth,* 9 F.3d 638, 641-644 (7th Cir. 1993). Any such claims based on violations of the consent decree are **dismissed** for failure to state a claim upon which relief can be granted.

The plaintiff's claim that inmates are provided only one uniform per week instead of two as required by state law is **dismissed** for failure to state a claim upon which relief can be granted. Section 1983 creates a federal cause of action for "the deprivation, under color of [state] law, of

a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). Thus, no action lies under ' 1983 unless a plaintiff has asserted the violation of a *federal* right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983). There is no constitutional right to two uniforms a week at the Jail. Similarly, the allegation that inmates have to eat in their cells rather than in the day room fails to state a claim upon which relief can be granted.

The plaintiff also alleges that the jail is overcrowded and there is unsanitary ventilation and out dated plumbing. "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)(internal quotation omitted). Conditions of confinement may rise to the level of a constitutional violation only if those conditions involved the deprivation of a single identifiable human need or the denial of the "minimal civilized measure of life's necessities." *Wilson v. Seiter,* 501 U.S. 294, 298-305 (1991) (internal quotation omitted); *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (AThe conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'")(quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)). The complaint's allegations do not suggest the severity of conditions required to state a constitutional violation.

### III.

For the reasons explained above, the complaint fails to state a claim upon which relief can be granted and must therefore be **dismissed**. The dismissal of the complaint will not lead to

the dismissal of the action at this time. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013) ("IFP applicants whose complaints are dismissed pursuant to a section 1915 screening for failure to state a claim should be granted leave to amend at least once in all cases in which Rule 15(a) would permit leave to amend.").

Hunter shall have **through December 16, 2013,** in which **to file an amended complaint** which corrects the deficiencies noted in Part II of this Entry.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and which individuals are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief that is sought.

If an amended complaint is filed as directed, the Court will screen it as required by 28 U.S.C. ' 1915A. If no amended complaint is filed, the action will be dismissed in its entirety for the reasons discussed in Part II of this Entry.

**IT IS SO ORDERED.**

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Date: __11/15/2013_____

Robert Hunter, 1850, Howard County Jail, 1800 West Markland, Kokomo, IN 46901

Michael Schafer, 15332, Howard County Jail, 1800 West Markland, Kokomo, IN 46901

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.