UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:13-cv-1374-JMS-DML |
| | ) | |
| STEVEN RODGERS, Sheriff of Howard County, et al., | ) ) ) ) | |
| Defendants. | ) | |

**Entry Discussing Amended Complaint, Dismissing Insufficient Claims, and Directing Further Proceedings**

**I.**

The response to the order to show cause filed by the plaintiff on December 10, 2013, although titled "tort claim" shall be treated as his amended complaint alleging violations of his constitutional rights. At the time of the incidents alleged, the plaintiff was a pretrial detainee at the Howard County Jail (the "Jail"). The constitutional provision applicable to his claims is the Fourteenth Amendment. This civil rights action is necessarily brought under 42 U.S.C. § 1983.[1]

The plaintiff seeks money damages and injunctive relief. He names as defendants Sheriff Steven Rodgers, the Sheriff's Department, and the Howard County Commission.

The amended complaint, and the supplement thereto filed on February 19, 2014, are subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

---

[1] Mr. Hunter is the only plaintiff in this action. As a non-attorney, he cannot represent other inmates in federal court. The list of other signatures attached to the amended complaint is **disregarded.**

## II.

The plaintiff alleges that he was confined at the Jail for five months in 2013 and for six months in 2012. During this time, three men lived in each cell. The plaintiff alleges that each inmate was allotted only 26 square feet of living space. He alleges that these overcrowded conditions caused stress, health risks, and animosities among inmates. This claim shall proceed.

The plaintiff further alleges that there was one table and one stool in each cell and that inmates ate their meals in their cells. This meant that two inmates were forced to eat on their bunks or on the toilet. He alleges that having to eat in his cell under these circumstances violated his constitutional rights. This claim is **dismissed** for failure to state a claim upon which relief can be granted. He has not alleged a denial of food or any other deprivation of a human need. Conditions of confinement may rise to the level of a constitutional violation only if those conditions involved the deprivation of a single identifiable human need or the denial of the "minimal civilized measure of life's necessities." *Wilson v. Seiter,* 501 U.S. 294, 298-305 (1991) (internal quotation omitted); *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (ÅThe conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'")(quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)). Jails have an obligation to "provid[e] nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir.1985) (internal quotation omitted). Having to eat sitting on one's bunk bed fails to state a claim upon which relief can be granted. *Chavis v. Fairman,* 1995 WL 156599, 51 F.3d 275, *4 (7th Cir. April 6, 1995) (unpublished) ("[W]hile we acknowledge that eating on the floor is less comfortable than at a

table, this side effect of overcrowding adds little to [plaintiff's] efforts to state a constitutional claim.").

The plaintiff's third claim is that countless times in the past five months raw sewage came up through the drains of the showers and day room, even as the inmates took showers. The plaintiff alleges that these conditions caused health risks, including his having been infected with a staph infection in his armpits. This claim shall proceed.

The claim against the Howard County Commission is **dismissed** for failure to state a claim upon which relief can be granted because the county sheriff, not the commission, bears the responsibility to take care of the county jail and the inmates there. Ind. Code 36-2-13-5(a)(7); *Radcliff v. County of Harrison*, 627 N.E.2d 1305, 1306 (Ind. 1994) (county commissioners do not have control over the actions of the sheriff); *Hupp v. Hill*, 576 N.E.2d 1320, 1326 (Ind. Ct. App. 1991) ("It is well settled that Indiana Sheriffs are not subject to the control or authority of the County Commissioners of the county in which they hold office.").

Giving the amended complaint a liberal reading, the Court treats the plaintiff's claims as claims against the Sheriff in his official capacity only. The conditions the plaintiff alleges are sufficient to assert a custom, policy, or practice in how the Jail was run. Because it is "redundant" to name the Sheriff in his official capacity and the Sheriff's Department as defendants, any claim brought against the Howard County Sheriff's Department is **dismissed** as unnecessary. *Budd v. Motley,* 711 F.3d 840, 844 (7th 2013); *see also Burton v. Lacy,* 1:07-cv-0918-JDT-TAB, 2008 WL 187552, (S.D. Ind. Jan. 18, 2008) ("naming the Sheriff in his official capacity is the same thing as bringing a suit against the Sheriff's Department.").

Any claim for injunctive relief is **denied as moot** because the plaintiff is no longer confined at the Jail.

The complaint alleges only federal claims. **Two claims shall proceed against Sheriff Steven Rodgers in his official capacity, separately and in combination:** 1) the placement of three men in double cells at the Jail violated his Fourteenth Amendment due process rights, and 2) the frequent back-up of sewage in the Jail violated his Fourteenth Amendment due process rights. These are the only viable claims which have been identified by the Court. If the plaintiff intended to assert additional claims which were not identified in this Entry, he shall have **through April 25, 2014,** in which to identify such claims.

### III.

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to defendant Sheriff Steven Rodgers in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on December 10, 2013 (docket 14), the supplement thereto filed on February 19, 2014 (docket 19), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 03/27/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Hunter, 2700 N. Washington, Lot 90, Kokomo, IN 46901

Sheriff Steven Rodgers, Howard County Jail, 1800 West Markland, Kokomo, IN 46901

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.